UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LATESSA Y. JORDAN,

       Plaintiff,

v.

NEW YORK STATE,

       Defendant.

21-CV-544-LJV
ORDER

---

On April 23, 2021, the *pro se* plaintiff, Latessa Y. Jordan, on behalf of her disabled adult daughter, Tendra L. Manuel, sued New York State for medical malpractice and personal injury. Docket Item 1. On June 25, 2021, this Court found that Jordan was impermissibly proceeding *pro se* on behalf of another and that the complaint did not provide a basis for the Court's subject matter jurisdiction. Docket Item 3. Nevertheless, in light of Jordan's *pro se* status, the Court gave her until July 26, 2021, to amend her complaint. *See Id.* at 9-10.

Jordan has not yet filed an amended complaint, but she has filed four other motions. On July 12, 2021, Jordan moved for "an immediate order to stop the violations." Docket Item 4 at 1. It is unclear from the motion which violations Jordan wants stopped, but she attaches a letter from Community Health Center of Buffalo, Inc., indicating that she needs housing. *Id.* at 2. That same day, Jordan moved "to bound [her] complaint over to the Supreme Court of the United States of America." Docket Item 5. On July 16, 2020, Jordan explained that she did not file a motion to extend time to file an amended complaint because she did not receive a notice to do so, and she

again moved to "bound over" her complaint to the Supreme Court.  Docket Item 6.  On July 19, 2020, she moved to transfer her "complaint to a higher court" because she is "being black balled."  Docket Item 7.

As explained at some length in this Court's prior order, *see* Docket Item 3, "federal courts are tribunals of limited subject matter jurisdiction," *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018), possessing "only that power authorized by Constitution and statute," *Gunn v. Minton*, 568 U.S. 251, 256 (2013).  "Federal subject matter jurisdiction exists only when a 'federal question' is presented under 28 U.S.C. § 1331" ("federal question jurisdiction") or "where the plaintiffs and all defendants are of diverse citizenship and the amount in controversy exceeds $75,000" under 28 U.S.C. § 1332 ("diversity jurisdiction").  *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999).  Jordan's complaint alleges only state-law claims on behalf of Manuel against New York State, *see* Docket Item 1; therefore, at least as written, the complaint does not suggest a basis for either federal question or diversity jurisdiction, *see* Docket Item 3.

Jordan still has not provided a basis for this Court's jurisdiction.  And to the extent that Jordan's motions seek relief for her daughter, Jordan also has not shown that she may appear for Manuel, nor has she obtained adequate representation.  Both because it appears that this Court lacks jurisdiction, and because Jordan has not provided reasons why she may appear on behalf of Manuel, this Court cannot consider her claims on Manuel's behalf.  *See* Docket Item 3 at 7-8.

This Court also has no authority to transfer Jordan's complaint to the Supreme Court.  As relevant here, the Supreme Court has appellate jurisdiction over "[f]inal

judgments . . . rendered by the highest court of a State in which a decision could be had," 28 U.S.C. § 1257(a), as well as over judgments of the federal courts of appeals, see U.S. CONST. art. III, cl. 2; *Ex parte Republic of Peru*, 318 U.S. 578, 582 (1942). "The courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.  So before Jordan's case could possibly reach the Supreme Court, she would first need to appeal a *final decision* of this Court to the United States Court of Appeals for the Second Circuit.  At present, there is no final decision in this case.  Docket Items 4, 5 and 7 are DENIED.

For those reasons, Docket Items 4-7, are DENIED.  If Jordan does not file an amend complaint as noted above and in this Court's prior order, Docket Item 3, the complaint will be dismissed without prejudice.  Jordan may appeal that dismissal to the Second Circuit.

If the complaint is dismissed because Jordan does not file an amended complaint correcting the deficiencies noted in its prior order, this Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: July 21, 2021
       Buffalo, New York

                                              /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE